**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ARBOR FINANCIAL CREDIT UNION,

     Plaintiff,                     Case No. _____

v.

GREATER NEVADA CREDIT UNION,

     Defendant.

---

## NOTICE OF REMOVAL

Defendant GREATER NEVADA CREDIT UNION ("GNCU" or "Defendant") hereby removes this action from the Circuit Court of Kalamazoo County, Michigan to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of this Notice of Removal, GNCU states the following:

### I.    THE STATE COURT ACTION

1.    Plaintiff Arbor Financial Credit Union ("Plaintiff") filed a civil action against Defendant on March 30, 2026, in the Circuit Court of Kalamazoo County, Michigan, Case No. 2026-0244-CB. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A** and **Exhibit B,** respectively.

2.    Defendant received personal service of the Summons and Complaint on April 20, 2026.

3.    Additional pleadings filed in the Kalamazoo County Circuit Court consist of:

- March 30, 2026 – Jury Demand (see attached **Exhibit C**);

- April 27, 2026 – Motion for Temporary Admission to Practice (see attached **Exhibit D**); and

75435616.4

- May 1, 2026 – Order Granting Jonathan S. Mann Admission Pro Hac Vice (see attached **Exhibit E**).

## II.    BASIS FOR FEDERAL JURISDICTION

4.        On March 30, 2026, at the time Plaintiff filed its Complaint, Plaintiff was a credit union chartered under the laws of the State of Michigan with its principal place of business in Michigan and therefore is a citizen of the State of Michigan for purposes of 28 U.S.C. §1332. See Plaintiff's Complaint, ¶ 11.

5.        On March 30, 2026, at the time the Plaintiff's Complaint was filed, Defendant was a credit union chartered under the laws of Nevada with its principal place of business in Nevada and is therefore a citizen of the State of Nevada for purposes of 28 U.S.C. §1332.

6.        State chartered credit unions are citizens of the state in which they are chartered and maintain their principal place of business. *See, e.g., Wells Fargo Bank, N.A. v. Comments Sols., LLC*, 1:19-CV-77-NLH-KMW, 2019 WL 6873257, at *2 (D.N.J. Dec. 17, 2019) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006)) ("First Legacy is a state-chartered credit union, chartered in the state of North Carolina, with its principal place of business within that state, rendering it a citizen of North Carolina."); *see also Superior Credit Union, Inc. v. CUMIS Ins. Soc'y, Inc.*, 1:19-CV-073, 2019 WL 5557343, at *1 (S.D. Ohio Oct. 28, 2019), report and recommendation adopted, 1:19CV73, 2019 WL 6131267 (S.D. Ohio Nov. 19, 2019) (treating a state-chartered credit union incorporated under the laws of Ohio and conducting business in Ohio as an Ohio citizen for purposes of exercising diversity jurisdiction).

7.        Complete diversity exists because Plaintiff is a citizen of Michigan and Defendant is a citizen of Nevada.

75435616.4

8.      Plaintiff's Complaint seeks monetary relief in excess of $75,000, exclusive of interest and costs. Therefore, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.      REMOVAL IS TIMELY AND PROCEDURALLY PROPER

9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant received service of the initial pleading.

10.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Western District of Michigan is the federal district embracing the place where the state court action was filed.

11.      Because there is only one Defendant to the State Court Action, no additional consent for removal is required.

12.      Defendant has complied with all procedural requirements of 28 U.S.C. § 1446, including attaching all served pleadings and providing written notice to Plaintiff and the state court.

### IV.      COMPLIANCE WITH STATUTORY REQUIREMENTS

13.      Pursuant to 28 U.S.C. § 1446(d), GNCU will promptly provide written notice of the filing of this Notice of Removal to Plaintiff's counsel of record and file a copy of the Notice of Removal with the Clerk of Court for the Circuit Court of Kalamazoo County, Michigan (see attached **Exhibit F**).

### V.      CONCLUSION

14.      For the foregoing reasons, Defendant respectfully removes this action from the Kalamazoo County Circuit Court to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

15.      GNCU does not intend this Notice of Removal to constitute any waiver or admission of fact, law, or liability, including, without limitation, the amount of damages, if any.

75435616.4

GNCU hereby reserves all rights, defenses, and affirmative defenses.  *See Cowen v. Am. Med. Sys., Inc.,* 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006) (citing *Morris & Co. v. Skandinavia Ins. Co.,* 279 U.S. 405, 409 (1929)) ("The Supreme Court held over 75 years ago that a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court.").

WHEREFORE, GNCU respectfully files this Notice of Removal for the reasons set forth above.

HONIGMAN LLP

Dated: May 8, 2026                By:    */s/Scott R. Sikkenga*
                                         Scott R. Sikkenga (P51492)
                                         650 Trade Centre Way, Suite 200
                                         Kalamazoo, MI 49002-0402
                                         Telephone: (269) 337-7772
                                         Fax Number: (269) 337-7773
                                         ssikkenga@honigman.com

                                         *Attorneys for Defendant*

75435616.4